IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY HARLEY, *et al.*, : | |
|     Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. 21-CV-3877 |
| : | |
| CITY OF PHILADELPHIA, *et al.*, : | |
|     Defendants. : | |

**MEMORANDUM**

**GOLDBERG, J.**                                                                                 **SEPTEMBER 7, 2021**

Currently before the Court is a *pro se* Complaint filed by Mary Harley, naming herself and her son Eric Rafek Harley, also known as Omar Benson Miller, as plaintiffs. (ECF No. 2.) Harley[1] also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Harley leave to proceed *in forma pauperis* and dismiss the Complaint.

**I.        FACTUAL ALLEGATIONS**

The Complaint names the following Defendants: (1) City of Philadelphia (City Hall); (2) Family Court; (3) Jackie Dotson, identified as a social worker; (4) City Councilman Kenyetta Johnson; (5) Family Member Claudia H. Johnson; (6) Kareem Abd Benson a/k/a Johnson; (7) Kenyetta Benson a/k/a Johnson (unclear if this is the same individual as City Councilman Kenyetta Johnson); (8) Nagi S. Benson a/k/a Johnson; (9) Bethana Christian Services Adoption Agency; (10) Rebecca Buck; (11) Johnathan Eckland; (12) "Producers of Television Series

---

[1] The Court will use "Harley" to refer to Mary Harley.

Unicorn"; (13) Temple University Hospital; (14) University of Pennsylvania; and (15) Presbyterian Hospital.  (ECF No. 2 at 2.)[2]

The allegations of the Complaint concern Harley's son.  Harley alleges that Defendant Kenyetta Johnson cared for her son for a period of time and that she last saw her son in 2007, when he was sixteen years old.  (*Id.* at 4.)  Harley alleges that at some point, her son was "hospitalized and given a blood transfusion and medications to give his body growth overnight." (*Id.*)  She also alleges that her son's memory was "taken away" and that he was given heroin and abused.  (*Id.*)  It appears that her son was also in the care of individuals other than Johnson; Harley indicates that he was abused in those homes as well.  (*Id.* at 5.)  She also alleges that her son currently lives in California and appeared in a television series by the name of Unicorn.  (*Id.*) Harley alleges that she watched the program and that "his mind was hit with electronics technology & goofy laughing expressions."  (*Id.*)  Harley would like to "have [her] son back with his own family." (*Id.* at 4.)

The Complaint reflects that Harley intends to bring claims for criminal violations, civil rights violations, and medical malpractice.  (*Id.* at 3.)  She asks the Court to "compensate [her] son for 1 trillion dollars for the pain & suffering they caused."  (*Id.* at 5.)

## II.    STANDARD OF REVIEW

The Court grants Harley leave to proceed *in forma pauperis* because it appears Harley is incapable of prepaying the fees to commence this civil action.[3]  Accordingly, the Complaint is

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] Although Harley's son is named as a Plaintiff, he did not sign the Complaint in accordance with Federal Rule of Civil Procedure 11 or file his own motion to proceed *in forma pauperis*. Accordingly, the Court does not understand him to be pursuing this case.  He will therefore be stricken as a party.

subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss the Complaint if, among other things, it is frivolous. A complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Court's continuing obligation to assure its jurisdiction includes an assessment of whether a plaintiff has standing to pursue her claims. *See Seneca Res. Corp. v. Twp. of Highland, Elk Cty., Pa.*, 863 F.3d 245, 252 (3d Cir. 2017) ("Our 'continuing obligation' to assure that we have jurisdiction requires that we raise issues of standing and mootness sua sponte."); *see also Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008) (explaining that Article III of the Constitution limits the power of the federal judiciary to the resolution of cases and controversies, and that this "requirement is satisfied only where a plaintiff has standing").

### III.    DISCUSSION

Harley brings claims based on harm suffered by her son and seeks compensation on her son's behalf. "[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (quotations omitted)). Additionally, *pro se* litigants who are not attorneys may not represent anyone else in federal court, including their children. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-3 (3d Cir. 1991) (father could not pursue claims

on behalf of minor children); *Pinkney v. City of Jersey City Dep't of Hous. & Econ. Dev.*, 42 F. App'x 535, 536 (3d Cir. 2002) (*per curiam*) ("[A] guardian or parent cannot represent an incompetent adult in the courts of this Circuit without retaining a lawyer."). Accordingly, the Court must dismiss Harley's Complaint because Harley lacks standing to pursue claims on her son's behalf. *See, e.g.*, *Chang v. Dep't of Servs. for Child., Youth, & their Fams., Div. of Fam. Servs.*, 790 F. App'x 435, 437-38 (3d Cir. 2019) (*per curiam*) (father lacked standing to address children's claims on appeal); *Jackson v. Bolandi*, Civ. A. No. 18-17484, 2020 WL 255974, at *5 (D.N.J. Jan. 17, 2020) ("Here, *pro se* Plaintiff does not have standing to assert any claims on behalf of her daughter."). To the extent the Complaint can be liberally construed to raise claims on Harley's behalf, the Court cannot discern a factual or legal basis for a claim against the Defendants.[4]

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Harley leave to proceed *in forma pauperis* and dismiss the Complaint without prejudice for lack of standing because she cannot prosecute claims on behalf of her son. *See Thorne v. Pep Boys Manny Moe & Jack Inc.*, 980 F.3d 879, 896 (3d Cir. 2020) ("Dismissal for lack of standing reflects a lack of jurisdiction, so dismissal of Thorne's amended complaint should have been without prejudice."). To the extent the Complaint raises claims on Harley's behalf, those claims are dismissed as frivolous. The Court concludes that amendment would be futile. An appropriate Order follows.

---

[4] Some of the allegations in Harley's Complaint mirror allegations she made in a Complaint she filed approximately two weeks before she filed the instant case. *See Harley v. City of Phila. City Gov't*, Civ. A. No. 21-3680 (E.D. Pa.).